ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC 14 PM 12:57

CLERK _L. Febiler_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES WILBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-013 |
| | ) | |
| MASTERS INN; HLC HOTELS, INC., | ) | |
| d/b/a/ MASTERS INN, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought the captioned case *pro se* and *in forma pauperis*. After screening Plaintiff's complaint as required by 28 U.S.C. 1915(e), the Court construed Plaintiff's complaint broadly, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), to state a claim for relief under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et. seq.* (Doc. no. 4, p. 2). The Court also noted that individuals are only entitled to injunctive relief--and therefore cannot sue for monetary damages--under Title III. (Id. at 3; see also Jairath v. Dyer, 154 F.3d 1280, 1283 n.7 (11th Cir. 2001)). The matter is now before the Court because Ms. Mae F. Carroll, Plaintiff's "first cousin," has written an *ex parte* letter to the Court informing it: 1) that Plaintiff has died, and 2) that Plaintiff's family is looking for an attorney and plans to prosecute Plaintiff's case in his stead. (Doc. no. 8).

Unfortunately, Plaintiff's death renders this case **MOOT**. As the Court explained in

its opening Order, Title III only authorizes a private right of action for injunctive relief. See Plumley v. Landmark Chevrolet, Inc., 122 F.3d 308, 312 (5th Cir. 1997). To obtain injunctive relief based upon an alleged past wrong, a plaintiff must show "there is a real or immediate threat that he will be wronged again." Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)); see also Lorenzo Font v. Francisco, 260 F. Supp.2d 394, 400-02 (D.P.R. 2003). Because Plaintiff is dead, it is unlikely that Defendants will wrong him again. Thus, Plaintiff's claims do not survive his death.

Of course, Plaintiff's relatives wish to be substituted as plaintiffs in this case. To obtain standing for injunctive relief, Plaintiff's relatives would have to "show that there is reason to believe that [they] would directly benefit from the equitable relief sought." Plumley, 122 F.3d at 312 (citing Hoepfl v. Barlow, 906 F. Supp. 317, 321 (E.D. Va. 1995)). Here, Plaintiff sought an injunction to prevent Defendants from discriminating against him on the basis of his disability in renting him a hotel room. His relatives have not explained how they would *directly* benefit from the injunctive relief Plaintiff sought. Stated another way, they have not explained how they face "a real or immediate threat" of being wronged by Defendants in the future.

Furthermore, it is not apparent to the Court how Plaintiff's relatives could ever demonstrate standing in this case. Neither a deceased plaintiff's estate nor his relatives have standing to pursue a Title III discrimination case--only those "*personally* subject to the challenged discrimination" have standing to sue, and standing cannot be established merely by arguing that "other disabled individuals may suffer injuries from discrimination by [Defendants] in the future." Blake v. Southcoast Healthcare System, Inc., 145 F. Supp.2d

126, 134 (D. Mass. 2001)(internal citation and quotation omitted).

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**.

SO REPORTED and RECOMMENDED this 14th day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

**ATTORNEYS SERVED:**

JAMES WILBER ✓
LEO G. BECKMANN, JR. ✓

CASE NO:       CV 105-013
DATE SERVED:   12/15/05
SERVED BY:     J.A. HOWELL

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate